UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| OLIVER MCCORMACK, | ) |
| Plaintiff, | ) Civil Action No. 5:06-199-JMH |
| V. | ) |
| R.R. DONNELLEY & SONS CO., | ) |
| | ) **ORDER** |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Oliver McCormack filed this action in Boyle Circuit Court, claiming that his former employer, Defendant R.R. Donnelley & Sons Co., violated the Kentucky Workers' Compensation Act by firing him in retaliation for seeking workers' compensation benefits. Plaintiff also alleges a violation of the Kentucky Civil Rights Act based on disability discrimination. Defendant removed the action to this Court, alleging jurisdiction based on diversity of citizenship. While Defendant is correct that the parties are diverse and the amount in controversy appears likely to exceed the jurisdictional minimum, this action must nevertheless be remanded.

**I.   Removal Jurisdiction and 28 U.S.C. § 1445(c)**

The Sixth Circuit has directed that the "first and fundamental question" in every case in federal court is whether jurisdiction exists, "even where the parties concede or do not raise the issue." *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606-607 (6th Cir. 1998). In removed cases, 28 U.S.C. § 1447(c) dictates that "[i]f at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case *shall* be remanded." (Emphasis added.)  Accordingly, the Court raises jurisdiction *sua sponte*.

Congress has restricted the removal of actions related to workers' compensation: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445(c).  The restriction on removal of cases arising under workers' compensation laws applies regardless of whether there is diversity of citizenship, *see Thornton v. Denny's Inc.*, 992 F.2d 1217 (6th Cir. 1992), and regardless of whether the non-removable claim is combined with claims that would otherwise be removable. *See, e.g.*, *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995).

**II.  The Meaning of "Arises Under"**

The only question, therefore, is whether a claim that an employee was discharged as retaliation for seeking benefits "arises under" workers' compensation laws.  According to one treatise, "approximately an equal number of cases" have held each way. Charles Alan Wright et al., 14C Federal Practice and Procedure § 3729 (3d ed. 1998).  In cases originating in Michigan and Tennessee, the Sixth Circuit has rejected the argument that retaliatory discharge claims arise under workers' compensation laws.  *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th

Cir. 2004); *Nixon v. Waste Management, Inc.*, 156 Fed. App. 784 (6th Cir. 2005). While that might on its face appear to foreclose a contrary finding in this action, a close reading of those decisions reveals that remand is the most appropriate course here.

In *Harper*, the Sixth Circuit stated that "[a] civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Harper*, 392 F.3d at 203. The second prong of that standard is not at issue in this case; the first, however, merits examination. In determining what law created the cause of action in *Harper*, the Sixth Circuit emphasized that while the Michigan Workers' Disability Compensation Act outlaws retaliation against an employee who has sought benefits, the statute "fails to specify a remedy for retaliation or even a means to enforce the right to be protected from retaliation." *Id.* at 202. Instead, the cause of action under Michigan law was the judicially-created common law right against termination in violation of public policy. *See id.* at 203-205.[1]

Similarly, in *Nixon*, the Sixth Circuit noted that Tennessee's statute "implies the existence of a right not to have workers'

---

[1] While courts frequently state that the interpretation of § 1445(c) is a matter of federal law, those same courts inevitably look to state law to determine the nature of the claim under review. *See, e.g., Harper*, 392 F.3d at 202-203.

compensation benefits terminated by a wrongful discharge, but it does not establish any means of enforcing that right." *Nixon*, 156 Fed. App. at 787. The court noted that the tort of wrongful discharge in violation of public policy was judicially created, and therefore held that the claim did not arise under Tennessee's workers' compensation laws.

### III. Kentucky's Anti-Retaliation Statute

Unlike the Tennessee and Michigan statutes at issue in *Nixon* and *Harper*, however, Kentucky's Workers' Compensation Act creates a right *and* a remedy for employees discharged for seeking benefits:

> (1) No employee shall be harassed, coerced, discharged, or discriminated against in any manner whatsoever for filing and pursuing a lawful claim under this chapter.
>
> . . .
>
> (3) Any individual injured by any act in violation of the provisions of subsection (1) . . . of this section shall have a civil cause of action in Circuit Court to enjoin further violations, and to recover the actual damages sustained by him, together with the costs of the law suit, including a reasonable fee for his attorney of record."

KRS 342.197.

Again, the Sixth Circuit has directed that "[a] civil action arises under a state workmen's compensation law when . . . the workmen's compensation law created the cause of action," *Harper*, 392 F.3d at 203, and the Kentucky cause of action qualifies for a number of reasons. First, the protections of the provision are specific to workers' compensation, and the prohibition and remedy

sit squarely within the chapter of the Kentucky code devoted to workers' compensation. Second, the sole purpose of the cause of action is to make effective the rest of the workers' compensation laws: Kentucky courts have recognized that the "statute's purpose and the Legislature's intent is 'to protect employees from acts by their employers intended to prevent such employees from exercising their rights under the Workers' Compensation Act.'" *Pike Cty. Coal Corp. v. Ratliff*, 37 S.W.3d 781, 783 (Ky. App. 2000)(quoting *Overnite Transp. Co. v. Gaddis*, 793 S.W.2d 129, 132 (1990)). Third, while the common law right to recover for retaliatory discharge was originally judicially recognized four months prior to the enactment of KRS 342.197, *see Firestone Textile Co. v. Meadows*, 666 S.W.2d 730 (Ky. 1983), later decisions of Kentucky courts have emphasized that the scope of the right is now strictly a matter of statutory construction, not suitable for judicial expansion or reinterpretation. *See, e.g., Pike Cty. Coal*, 37 S.W.3d at 784; *Nelson Steel Corp. v. McDaniel*, 898 S.W.2d 66, 69-70 (Ky. 1995).

The Court also notes that even after the Sixth Circuit's decision in *Harper*, the United States District Court for the Southern District of Ohio has *sua sponte* remanded an anti-retaliation claim based on its reading of the Ohio Workers' Compensation Act, which is identical to Kentucky law in all relevant aspects. *See Hafner v. Cowan Systems, LLC*, 2005 WL 1417104 (S.D. Ohio 2005). Based on the standard announced by the

Sixth Circuit in *Harper*, the structure of the anti-retaliation provision of the Kentucky Workers' Compensation Act, and the persuasive authority from the Southern District of Ohio, the Court finds that Plaintiff's anti-retaliation cause of action arises under the workers' compensation laws of Kentucky. Therefore, this Court lacks jurisdiction under § 1445(c), and the action must be remanded to state court.

**IV. Conclusion**

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that this action be, and the same hereby is, **REMANDED** to Boyle Circuit Court.

This the 30th day of June, 2006.



Signed By:

*Joseph M. Hood*

**United States District Judge**